# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | | |
|---|---|---|
| RALPH COUNTRYMAN, | ) | |
| | ) | 3:12-cv-00253-LRH-VPC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | **)** | **OF U.S. MAGISTRATE JUDGE** |
| ACCESS SECUREPAK KEEFE | ) | |
| COMMISSARY/NETWORK, LLC, | **)** | |
| | ) | |
| Defendant. | ) | November 1, 2012 |
| _____ | ) | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. The court previously granted plaintiff's application for leave to proceed *in forma pauperis*, and plaintiff has paid his initial installment of the filing fee (#5, #8).[1] Before the court is plaintiff's *pro se* complaint (#1-1). The court has thoroughly reviewed the record and recommends that plaintiff's complaint (#1-1) be dismissed with prejudice.

**I. Screening Pursuant to 28 U.S.C. § 1915A**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). *Pro se*

---

[1] Refers to the court's docket numbers.

pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*; *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Additionally, a reviewing court should "begin by identifying . . . [allegations] that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

Finally, all or part of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.  Screening the Instant Complaint**

Plaintiff is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), and is currently incarcerated at Northern Nevada Correctional Center ("NNCC") (#1-1, p. 1). Defendant is a private business and has entered into a contract with NDOC to run NDOC's "inmate package program." *Id.* Plaintiff asserts that this contract constitutes a "monopoly contract" and was created "for the sole purpose of engaging in anti-competitive practices and price gouging," in violation of the Sherman Anti-Trust Act. *Id.* at 2. Specifically, plaintiff contends that the contract allows defendant to charge inflated prices and to give "kick-backs" to NDOC. *Id.* Plaintiff also contends that defendant has bribed NDOC employees by hiring several NDOC supervisors, which

further ensures that only defendant's packaging products are sold in NDOC's inmate commissaries. *Id.*

Plaintiff requests relief in the form of: (1) a declaratory judgment stating that defendant has knowingly violated the Sherman Anti-Trust Act; and (2) $500,000 in punitive damages. *Id.* at 3.

The court finds that plaintiff's complaint fails to state a claim upon which relief may be granted. Pursuant to *Parker v. Brown*, 317 U.S. 341, 350-52 (1943), the Sherman Anti-Trust Act does not apply to the operation of a state agency, such as NDOC.[2] *See id.* at 350-51 ("We find nothing in the language of the Sherman Act or in its history which suggests that its purpose was to restrain a state or its officers or agents from activities directed by its legislature.").

Here, plaintiff contends that defendant has violated the Sherman Anti-Trust Act because defendant entered into a "monopoly contract" with NDOC, which limited the packaging supplies sold in the inmate commissary and inflated the prices of these items. However, the Sherman Anti-Trust Act is inapplicable to NDOC's restriction on a prisoner's ability to purchase packaging items from outside suppliers or at market rates. The State of Nevada, through NDOC, has not restrained trade or created an illegal monopoly by purchasing its commissary packaging supplies from a single company. On the contrary, the State of Nevada has imposed restraints on commissary packaging supplies as an act of government which the Sherman Act did not undertake to prohibit. *See Parker*, 317 U.S. at 352; *McGuire v. Ameritech Services, Inc.*, 253 F.Supp.2d 988, 1007-08 (S.D.Ohio 2003) (state has absolute authority to regulate its prison system, and state's decision to utilize a monopolized collect calling system did not violate the Sherman Anti-Trust Act).

---

[2] There is no doubt that the administration of Nevada's prisons is a state function conducted by a state agency—NDOC. *See Jackson v. Taylor*, 539 F.Supp. 593, 595 (D.C. 1982) (relying on *Jordan v. Mills*, 473 F.Supp. 13, 16-17 (E.D.Mich. 1979)).

Further, the court recognizes that the maintenance and operation of Nevada's prisons involves sophisticated judgments concerning security. Thus, requiring NDOC to deal with multiple packaging suppliers could result in an increased flow of contraband, which could jeopardize the safety of the institution. *See Jordan*, 473 F.Supp. at 17. NDOC—not this court—is in the best position to make decisions concerning prison security; and prison officials need latitude in making these judgments. *See id.* ("Federal interference in the exercise of this function via antitrust regulation is the type of threat to our federalism that fomented the Court to imply the 'State action exemption' in the first instance.")[3]

Plaintiff's claims against defendant under the Sherman Anti-Trust Act are barred by the state action exemption, as established in *Parker v. Brown*, 317 U.S. 341, 350-52 (1943). Accordingly, the court recommends that plaintiff's complaint (#1-1) be dismissed.

**III. Conclusion**

**IT IS THEREFORE RECOMMENDED** that plaintiff's complaint (#1-1) be **DISMISSED WITH PREJUDICE**. Leave to amend is not appropriate because it is clear that plaintiff's complaint fails to state a claim upon which relief in this court may be granted, and that the deficiencies cannot be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

The parties should be aware of the following:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the

---

[3] To the extent plaintiff argues that *defendant*—rather than *NDOC*—has violated the Sherman Anti-Trust Act, the court finds plaintiff's claim has no merit. *See Miranda v. Michigan*, 141 F.Supp.2d 747, 753 (E.D. Mich. 2001) ("If Parker immunity did not extend to private actors, 'a State would be unable to implement programs that restrain competition among private parties' as '[a] plaintiff could frustrate any such program merely by filing suit against the regulated private parties, rather than the state officials who implement the plan.'" (citing *Southern Motor Carriers Rate Conference, Inc. v. United States*, 471 U.S. 48, 56-57 (1985)); *see also McGuire*, 253 F.Supp.2d at 1006 ("[T]he immunity extends not only to the state, but to the private parties acting pursuant to and in conformity with the state policy."). Thus, the fact that plaintiff has chosen to sue defendant rather than NDOC is immaterial to the court's analysis.

parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the District Court's judgment.

**DATED**: November 1, 2012.

_____

**UNITED STATES MAGISTRATE JUDGE**